Daniel A. Crawford (Cal. Bar No. 187807)
Roza Crawford (Cal. Bar No. 222380)
CRAWFORD LAW GROUP
15303 Ventura Blvd., 9th Floor
Sherman Oaks, California 91403
Tel: (818) 935-6568
dac@crawfordlawgroup.com

Attorneys for Plaintiff
PHILIP SMITH

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP SMITH, an individual,<br><br>                              Plaintiff,<br><br>   v.<br><br>RYAN COMPTON, an individual;<br>NOEL ANDREWS, an individual;<br>MONA VOGEL, an individual; and<br>DOES 1-10, inclusive,<br><br>                              Defendants. | Case No.: 2:22-cv-08439-MWF-PLA<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT NOEL ANDREWS' MOTION TO DISMISS RE SPECIAL MOTION TO STRIKE THE FIRST AMENDED COMPLAINT (ANTI-SLAPP)**<br><br>Hearing Date: January 23, 2023<br>Time: 10:00 AM<br>Courtroom: 5A<br><br>(Declarations of Philip Smith and Daniel A. Crawford, Esq., and Plaintiffs' Evidentiary Objections, filed concurrently herewith) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT ANDREWS'
MOTION TO DISMISS (ANTI-SLAPP)**

1

## TABLE OF CONTENTS

2    I.    INTRODUCTION                                                    6

3    II.   RESPONSE TO DEFENDANT'S STATEMENT OF FACTS.                     7

4         A. Plaintiff's Other Cases are Irrelevant.                       7

5         B. Plaintiff Does Not Describe Himself as "Well-Known."          8
6
7         C. Plaintiff Did Not Exonerate Andrews with his Previous Testimony.   8

8    III.  ARGUMENT                                                        9

9         A. Defendants' Alleged Conduct Does Not Concern Public Issues and is   10
             Not Protected under the Anti-SLAPP Law.
10
             1. Only Speech or Conduct Connected to Public Issues or of Public   10
11              Interest is Protected by the Anti-SLAPP Statute.
12
             2. On Their Face All but One of the Paragraphs of the FAC   11
13              Challenged by Defendant are Concerned with Non-Public Matters.

14                a.  Paragraph 29.                                        12

15                b.  Paragraph 31.                                        12
16
                  c.  Paragraph 32.                                        13
17
18                d.  Paragraph 33.                                        13

19                e.  Paragraph 34.                                        14

20                f.  Paragraph 35.                                        14

21                g.  Paragraph 40.                                        14

22                h.  Paragraph 55.                                        15
23
             3. Paragraph 36 of the FAC Does Not Allege Conduct in        15
24              Connection with a Public Matter.

25                a.  Criminal Accusations are Not Automatically Public Matters.   16
26
                  b.  Allegations of Sex-Crimes are Not Automatically Public   18
27                    Matters or Issues.

28

2

**PLAINTIFF'S OPPOSITION TO DEFENDANT ANDREWS'
MOTION TO DISMISS (ANTI-SLAPP)**

B. None of the Causes of Action which Defendant Challenges are Based on Protected Activity. ... 21

  1. First Cause Of Action – Invasion Of Privacy. ... 21

  2. Second Cause Of Action – False Light. ... 21

  3. Third Cause of Action – Misappropriation of Plaintiff's Name. ... 22

  4. Fourth Cause of Action – Online False Impersonation. ... 22

  5. Fifth Cause of Action – Libel. ... 22

  6. Sixth Cause of Action – IIED. ... 23

  7. Eleventh and Twelfth Causes of Action – Interference with Contractual Relationships. ... 23

  8. Thirteenth and Fourteenth Causes of Action – Interference with Prospective Economic Relationships. ... 24

C. Plaintiff's Evidence Establishes a Probability of Success. ... 24

D. Plaintiff Should be Awarded his Costs and Fees. ... 25

IV. CONCLUSION ... 26

Certification of Word Count ... 27

Certification of Interested Parties ... 28

**PLAINTIFF'S OPPOSITION TO DEFENDANT ANDREWS' MOTION TO DISMISS (ANTI-SLAPP)**

1

# **TABLE OF AUTHORITIES**

2

## **Federal Cases:**

3
4
*Beauharnais v. Illinois*, 343 U.S. 250 (1952)                                        17

5
*Bliss Sequoia Ins. & Risk Advisors, Inc. v. Allied Property &*        21, 26
6   *Casualty Ins. Co.*, 52 F.4th 417 (9th Cir. 2022)

7
*Doe v. Gangland Productions, Inc.*, 730 F.3d 946 (9th Cir. 2013)      19

8
*Hart v. Massanari*, 266 F.3d 1155 (9th Cir. 2001)                              22

9
10
*Lacoste v. Keem,* 2020 WL 5239110 (C.D. Cal., June 23, 2020)         21

11
*Steep Hill Laboratories, Inc. v. Moore,*                                       20, 21, 27
12   2018 WL 1242182 (2018)

13
*Todd v. Lovecruft,* 2020 WL 60199 (N.D. Cal., Jan. 6, 2020)           21

14
*Weiland Sliding Doors and Windows, Inc. v. Panda Windows and*     27
15   *Doors, LLC*, 814 F.Supp.2d 1033, 1039 (S.D. Cal. 2011)

16

## **California State Court Cases:**

17
18
*Baral v. Schnitt,* 1 Cal.5th 376 (2016)                                             13, 25

19
*Blackburn v. Brady*, 116 Cal. App. 4th 670 (2004)                          10

20
*City of Cotati v. Cashman,* 29 Cal.4th 69 (2002)                            10

21
22
*Cross v. Cooper*, 197 Cal.App.4th 357 (2011)                               20, 21, 26

23
*Equilon Enterprises v. Consumer Cause, Inc.,*                             10
24   29 Cal.4th 55 (2002)

25
*Navellier v. Sletten,* 29 Cal.4th 82 (2002)                                    10, 25, 26

26
*Rivero v. Amer. Fed. of State, County, & Muni. Employees,*            9, 12
27   105 Cal.App.4th 913 (2003)

28

**PLAINTIFF'S OPPOSITION TO DEFENDANT ANDREWS'
MOTION TO DISMISS (ANTI-SLAPP)**

*Weinberg v. Feisel*, 110 Cal.App.4th 1122 (2003)          10, 12, 14-18, 21, 23-26

*Wong v. Jing,* 189 Cal.App.4th 1354 (2010)          13

*World Financial Group, Inc. v. HBW Ins. & Financial Services, Inc.*,          14
172 Cal.App.4th 1561 (2009)

## California Statutes:

*Civil Code* Section 45a          18

*Code of Civil Procedure* Section 425.16          *passim*

*Cal. Penal Code* Section 539.5(a).          13, n.3

## Secondary Sources:

*Witkin*, Summary of Cal. Law (9th ed. 1988) Torts, § 482, p. 566          18

**PLAINTIFF'S OPPOSITION TO DEFENDANT ANDREWS'
MOTION TO DISMISS (ANTI-SLAPP)**

1

## I.    INTRODUCTION

2       Plaintiff PHILIP SMITH hereby opposes in its entirety the "Special Motion To

3   Strike the First Amended Complaint per Fed. R. Civ. P. 12(B)(6) and CCP § 425.16

4   & Request For Sanctions" (the "anti-SLAPP motion") of Defendant NOEL

5   ANDREWS, challenging the first, second, third, fourth, fifth, sixth, eleventh, twelfth,

6   thirteenth, and fourteenth causes of action in the First Amended Complaint ("FAC").

7       Additionally, Plaintiff contends the motion is frivolous or solely intended to

8   cause unnecessary delay and cost, and requests an award of attorney's fees and costs

9   in the amount of $24,030.50.  *Code Civ. Proc.* §425.16(c)(1).

10      Defendant Andrews attacks the FAC as though it is all about negative internet

11  posts and criminal accusations.  But this case has almost nothing to do with that.  The

12  case is about invasion of privacy, identity theft, and intellectual and personal property

13  theft.  It is also about threats to Plaintiff and *targeted* libelous messages to individuals

14  close to him.  In other words, this case is about non-public and *overtly illegal*

15  conduct, which is not protected by the First Amendment or the anti-SLAPP law.

16      There are isolated general allegations in the FAC that Defendants posted

17  negative (and false) information online which was viewable by the public at large.

18  However, Defendant's motion is not limited to particular allegations (and does not

19  identify any particular allegations to be stricken) but directed to entire causes of

20  action.  Every one of those challenged causes of action is based mostly or entirely on

21  unprotected conduct.  As a result, even if some isolated allegations could have been

22  stricken with a different motion, no cause of action pleaded in the FAC could be

23  stricken through an anti-SLAPP motion.

24      To the extent Defendant meets her burden on any part of the motion, Plaintiff's

25  evidence makes a sufficient *prima facie* showing for a favorable judgment.

26      Finally, Andrews' motion appears to be designed solely to cause delay and

27  increase Plaintiff's costs.  It is not combined with any other request for relief (such as

28

**PLAINTIFF'S OPPOSITION TO DEFENDANT ANDREWS'
MOTION TO DISMISS (ANTI-SLAPP)**

a demurrer or a regular motion to strike), so it should be entirely fruitless. And, even if the motion had been targeted to specific allegations of protected activity, it would not have eliminated any cause of action or excused any defendant from the case. Plaintiff should be awarded his costs and fees for opposing this motion.

## II.   RESPONSE TO DEFENDANT'S STATEMENT OF FACTS

It would be wasteful for Plaintiff to submit his own complete account of the factual history between the parties. Nevertheless, there are some proffered facts in Defendant Andrews' Statement of Facts which Plaintiff will address.

### A.   Plaintiff's Other Cases are Irrelevant.

First, Defendant notes that Plaintiff has initiated several other judicial actions against Defendants Mona Vogel and Ryan Compton within the last year, including two unsuccessful applications for domestic violence restraining orders (DVRO) and one civil action pending in the California Superior Court.

That is all true, but irrelevant. Defendant Andrews, the movant here, was not involved in those actions (and does not claim any issues in this case are foreclosed by issue- or claim-preclusion rules). Regarding the DVRO cases, obviously those sought very different relief than Plaintiff seeks here, under different standards. Plaintiff dismissed the DVRO action against Vogel after the parties reached an agreement. *Declaration of Philip Smith* ("P.Smith Decl.") ¶4. The DVRO application against Compton was denied because that court found Plaintiff failed to meet his burden *with respect to Compton*. Also, any findings or rulings in those DVRO cases are hearsay.[1]

The pending civil action against Vogel and others arises from conduct by those defendants which is (mostly) separate and distinct from the conduct alleged in the FAC. No party is seeking to relate, consolidate or combine the cases, and that pending state court action is also irrelevant here.

---

[1] Plaintiffs' objections to Defendants' evidence are submitted herewith.

**PLAINTIFF'S OPPOSITION TO DEFENDANT ANDREWS'
MOTION TO DISMISS (ANTI-SLAPP)**

It appears Defendant's only reason for raising those unrelated matters is to prejudice the Court against Plaintiff on this motion.

**B.    Plaintiff Does Not Describe Himself as "Well-Known."**

Next, Defendant asserts that "Plaintiff describes himself as a well-known person in the music industry." Memo. P&A, 7:8-9. That is not true. In paragraph 14 of the FAC, which Defendant cites, Plaintiff Smith alleges:

> 14.   SMITH is a commercial artist, musician and entrepreneur. As of 2021, SMITH had worked, and had ongoing relationships, with numerous successful bands, musicians, production companies including Warner Brothers Records, and other music industry personnel throughout Los Angeles and California.

Thus, in paragraph 14 (and elsewhere in the FAC, and in his previous testimony) Plaintiff alleges that he works successfully in the music and art industries, just like thousands of others in Los Angeles. He does not contend he is "well-known."

The distinction is important because of the differing standards for public figures under First Amendment law. In the anti-SLAPP context, statements about a "well-known" figure would more easily arise to a level of protected matters of public interest and protected conduct than statements about non-public, private individuals, like Plaintiff. *Rivero v. Amer. Fed. of State, County, & Muni. Employees*, 105 Cal.App.4th 913, 924 (2003). There is nothing in the FAC or the evidence showing Plaintiff is well known or public figure.

**C.    Plaintiff Did Not Exonerate Andrews with his Previous Testimony.**

Defendant also asserts that Plaintiff admitted she, Defendant Andrews, was not involved in posting a certain private recording onto a social media site. Notably, even if Andrews were exonerated from posting a video, she would not be absolved of liability on any of Plaintiff's claims. Plaintiff alleged that Andrews was complicit with the other defendants in most of the wrongful conduct against him. FAC ¶10-13.

Defendant's assertion is also wrong. Defendant apparently refers to an allegation in paragraph 32 of the FAC:

8

**PLAINTIFF'S OPPOSITION TO DEFENDANT ANDREWS'
MOTION TO DISMISS (ANTI-SLAPP)**

32. Defendants obtained and posted an audio recording of a private argument SMITH had with ANDREWS during their child custody dispute. The recording was apparently made by ANDREWS but was without SMITH's knowledge or consent. SMITH never consented to publishing the recording either.

But the evidence cited by Defendant does not support that assertion.  In fact, in the context of his DVRO hearing against Compton, Plaintiff testified he believed, or even 'knew' Andrews had not publicized the recording simply because: 1) he believed it would not be in her interests to have done so; and, 2) she told him she did not do it.  In other words, his testimony was based on speculation and hearsay.  That is not admissible evidence, and does not contribute to Defendant's motion.

## III.   ARGUMENT

Plaintiff assumes the Court is familiar with anti-SLAPP motions and offers only the following summary:

Section 425.16 requires that a court engage in a simple, two-step process in ruling on a special motion to strike.  First, the court must decide whether the defendant has made a sufficient threshold showing that the challenged cause of action is subject to a special motion to strike.  Second, if the threshold showing has been made, the court must determine whether the plaintiff has demonstrated sufficient minimal merit to be allowed to proceed.  (*Navellier v. Sletten, supra,* 29 Cal.4th [82] at p. 89, 124 Cal.Rptr.2d 530, 52 P.3d 703 [2002]; *Equilon Enterprises v. Consumer Cause, Inc., supra,* 29 Cal.4th [55] at p. 67, 124 Cal.Rptr.2d 507, 52 P.3d 685 [2002].)  Nothing outside of this two-step process is relevant. (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 78, 124 Cal.Rptr.2d 519, 52 P.3d 695; *Equilon Enterprises v. Consumer Cause, Inc., supra,* 29 Cal.4th at p. 66, 124 Cal.Rptr.2d 507, 52 P.3d 685.)

*Weinberg v. Feisel*, 110 Cal.App.4th 1122, 1130 (2003).  The defendant has the burden of showing the cause of action arises from activity protected under the statute.  *Blackburn v. Brady*, 116 Cal. App. 4th 670, 675 (2004).

9

**PLAINTIFF'S OPPOSITION TO DEFENDANT ANDREWS'
MOTION TO DISMISS (ANTI-SLAPP)**

1    In this case Defendant does not meet her initial threshold because none of the

2    challenged conduct is protected.  It involves only non-public issues.  In any event,

3    Plaintiff's evidence shows a likelihood he will prevail.[2]

4    **A.   Defendants' Alleged Conduct Does Not Concern Public Issues and is Not Protected under the Anti-SLAPP Law.**

5

6    **1.   Only Speech or Conduct Connected to Public Issues or of Public Interest is Protected by the Anti-SLAPP Statute.**

7

8    Defendant generally cites paragraphs 29, 31, 32, 33, 34, 35, 36, 40 and 55 of

9    the FAC as the allegations of information Defendants published about Plaintiff.  *See*

10   Defendant's Memorandum of Points and Authorities ("Memo P&A"), 8:1-21.

11   Apparently, the allegations in those paragraphs are the purportedly offending facts on

12   which the anti-SLAPP motion is based.

13   However, Defendant does not address the actual facts alleged in those

14   paragraphs.  The allegations in the FAC cited by Defendant do not constitute

15   protected activity.  Not all speech-based claims are prohibited by the anti-SLAPP law,

16   only speech activity that is "in connection with a public issue."  *Code Civ. Proc.*

17   §425.16(b)(1).  Defendant contends (Memo P&A 12:7-19) that the publications

18   alleged in the FAC fall under the fourth category of protected speech activity listed in

19   the statute: "(4) any other conduct in furtherance of the exercise of the constitutional

20   right of petition or the constitutional right of free speech in connection with a public

21   issue or an issue of public interest."  *Code Civ. Proc.* §425.16(e).  If speech conduct

22   is not "in connection with a public issue or an issue of public interest" then it is not

23   protected under the anti-SLAPP law.

24   There are generally three categories of public issues which qualify for

25   protection under the anti-SLAPP statute: 1) statements concerning a person in the

26

27   [2] Plaintiff does not argue the challenged allegations are incidental because Defendant

28   does not identify any precise allegations, only whole paragraphs.  Also, Defendants'

**PLAINTIFF'S OPPOSITION TO DEFENDANT ANDREWS'
MOTION TO DISMISS (ANTI-SLAPP)**

public eye; 2) conduct that could directly affect a large number of people beyond the direct participants; or, 3) or a topic of widespread, public interest. *Rivero,* 105 Cal.App.4th at 924.

Regarding the third category, topics of widespread public interest, there are "guiding principals" for determining what is or is not a public matter or legitimate issue of public interest.

> First, "public interest" does not equate with mere curiosity. [citations omitted] Second, a matter of public interest should be something of concern to a substantial number of people. [citations omitted] Thus, a matter of concern to the speaker and a relatively small, specific audience is not a matter of public interest. [citations omitted] Third, there should be some degree of closeness between the challenged statements and the asserted public interest [citations omitted]; the assertion of a broad and amorphous public interest is not sufficient [citations omitted] Fourth, the focus of the speaker's conduct should be the public interest rather than a mere effort "to gather ammunition for another round of [private] controversy.... [citations omitted] Finally, "those charged with defamation cannot, by their own conduct, create their own defense by making the claimant a public figure." [citations omitted] A person cannot turn otherwise private information into a matter of public interest simply by communicating it to a large number of people.

*Weinberg v. Feisel*, 110 Cal.App.4th 1122, 1132-33 (2003).

In evaluating the first prong of the anti-SLAPP statute, a court must focus on "the *specific nature of the speech* rather than the generalities that might be abstracted from it. [Citation.]" *World Financial Group, Inc. v. HBW Ins. & Financial Services, Inc.*, 172 Cal.App.4th 1561, 1570 (2009).

### 2. On Their Face All but One of the Paragraphs of the FAC Challenged by Defendant are Concerned with Non-Public Matters.

Defendant cites paragraphs 29, 31, 32, 33, 34, 35, 36, 40 and 55 as the location of the offending allegations in the FAC. Although Defendant does not identify any specific allegations in those paragraphs which she claims are protected, the Court's

false and damaging messages to the specific, select group around and associated with Plaintiff are not incidental to Plaintiff's claims.

**PLAINTIFF'S OPPOSITION TO DEFENDANT ANDREWS'
MOTION TO DISMISS (ANTI-SLAPP)**

1   inquiry should not go beyond the paragraphs Defendant listed.  *Baral v. Schnitt,* 1

2   Cal.5th 376, 396 (2016) (moving defendant bears the burden of identifying all

3   allegations of protected activity and claims for relief supported by them).

4          For all of the paragraphs Defendant listed except 36 (discussed below) the very

5   language of the allegations is limited to non-public matters.  In other words, when the

6   allegations are considered for the "specific nature of the speech rather than the

7   generalities that might be abstracted" those allegations do not qualify as statements

8   "in connection with a public issue or an issue of public interest" which would qualify

9   for anti-SLAPP protection.

10         **a. Paragraph 29.**  Smith alleges "Defendants established a YouTube

11  profiled entitled 'Philip Smith Fan Archive Channel' without SMITH's knowledge or

12  consent.  Then, Defendants posted videos and messages on the YouTube website

13  which SMITH did not authorize or license.  Some of that content was made to appear

14  as though it was from SMITH himself, or that he endorsed it or had approved of it

15  when he actually had not."  There is no description in this paragraph or anywhere in

16  the FAC of what the content of the YouTube channel was, except that some of it

17  impersonated Smith.  Defendants cannot create an issue of public interest just by

18  creating a YouTube channel which may then be viewed by many people.  Smith is not

19  a public figure and not all publications are protected.  Without any information about

20  the videos or messages, this paragraph does not allege protected activities.

21         **b. Paragraph 31.**  There are two allegations of conduct in this

22  paragraph.  First, "Defendants have stolen and published private information and

23  images from SMITH's life…"  There is nothing about that allegation from which the

24  Court could find it involves a matter of public interest.  The information is not

25  described at all, except as "private information."  Smith is not a public figure.  The

26  allegation that Defendants published unspecified private information does not involve

27  protected activity.

28

**PLAINTIFF'S OPPOSITION TO DEFENDANT ANDREWS'
MOTION TO DISMISS (ANTI-SLAPP)**

1    The second allegation in paragraph 31 is: "Defendants obtained a recording of

2    SMITH's deceased grandfather, Richard Hamilton, in which the decedent had

3    inquired about the wellbeing of SMITH's son… then sent copies of that voicemail

4    message from SMITH's deceased grandfather to SMITH, to members of his family

5    including his grandmother, and to his friends and associates.  Defendants sometimes

6    sent that voicemail as an attachment from an email account they created with the

7    address Hamilton.richard094@gmail.com."  Again, that involves the publication of

8    purely private matters.[3]  Smith's grandfather was not a public figure.  Moreover, the

9    allegation is that Defendants resent the voicemail to a small, specifically targeted

10   group of people.  That is not a matter of public interest.

11   **c.  Paragraph 32.**  The alleged conduct is: "Defendants obtained and

12   posted an audio recording of a private argument SMITH had with ANDREWS during

13   their child custody dispute."  There is nothing there which involves a public issue or

14   matter.  Neither Smith nor Andrews are public figures, and the subject does not affect

15   anyone beyond the parties and their children.  The only way that could involve a

16   matter of public interest is because Defendants took "otherwise private information"

17   and put into some public sphere.  That does not make it a public issue.  *Weinberg*, 110

18   Cal.App.4th at 1133.

19   **d.  Paragraph 33.**  The allegation is "Defendants have also posted

20   personal, private video clips from SMITH's life, from as far back as his teenage

21   years…"  Again, Smith is not a public figure and there is nothing from this allegation

22   which suggests the postings involve public issues.  The only description of the

23   postings is that they included "personal, private video clips from SMITH's life…"

24   While such material may be interesting to some viewers, that does not create a public

25

26

---

27   [3] This also alleges criminal conduct by Defendants.  Identity theft includes deceased
28   persons.  *Cal. Penal Code* §539.5(a).

**PLAINTIFF'S OPPOSITION TO DEFENDANT ANDREWS'
MOTION TO DISMISS (ANTI-SLAPP)**

1    issue.  " '[P]ublic interest' does not equate with mere curiosity…" *Weinberg*, 110

2    Cal.App.4th at 1132.

3           **e.  Paragraph 34.**  The allegation in this paragraph is "Defendants have

4    published false information about SMITH which is designed to harm his personal and

5    business reputation, and to cause him personal distress."  There is nothing in those

6    facts which suggests protected activity concerning a public matter or issue.  The only

7    information about the false publications is that they were "about SMITH" and

8    designed to hurt him and his business.  Even if the Court were to assume the

9    allegations were about SMITH's business dealings, that would only rise to a level of a

10   public issue if it went "beyond a particular interaction between the parties and

11   implicate[d] matters of public concern that can affect many people…" *Wong v. Jing,*

12   189 Cal.App.4th 1354, 1366 (2010).  There is nothing to support that conclusion.

13          **f.  Paragraph 35.**  The allegation is "When Defendants were not sending

14   those messages from email accounts impersonating SMITH himself or his company"

15   they were sending the messages from their own accounts.

16          The preceding paragraphs in the FAC include allegations that Defendants sent

17   and posted at least some material that was entirely private.  This paragraph does not

18   specify what type of information was sent, and it specifically refers to "messages.".

19   Messages are generally sent to a small, specific audience, unlike "postings" to social

20   media or internet sites.  There is nothing about the allegation here to suggest a public

21   matter or protected activity.

22          **g.  Paragraph 40.**  This paragraph alleges "Defendants have tracked

23   SMITH's travels and published information about his movements, including tagging

24   hotels and locations where he has stayed and even businesses he has visited.

25   Defendants have also tracked and publicized SMITH's internet browsing history."

26   Again, because Smith is not a public figure, and his whereabouts and browsing

27

28

---

14

**PLAINTIFF'S OPPOSITION TO DEFENDANT ANDREWS'**
**MOTION TO DISMISS (ANTI-SLAPP)**

1  history do not inherently involve public issues, there is nothing in this paragraph
2  which shows protected activity.

3          **h.  Paragraph 55.**  This paragraph alleges: "Defendants posted
4  messages on social media sites and internet forums frequented by NFT market
5  participants disparaging SMITH, claiming he was dishonest or untrustworthy, that he
6  did not pay on the deals he made, and otherwise damaging his reputation."
7  Publication of information about private disputes to a specific audience does not
8  create a public issue.  *Weinberg*, 110 Cal.App.4th at 1134.  This paragraph also does
9  not allege protected conduct.

10         **3.  Paragraph 36 of the FAC Does Not Allege Conduct in Connection
            with a Public Matter.**
11

12         As discussed above, all but one of the paragraphs that Defendant listed simply
13  do not allege any conduct in connection with a public issue or matter of public
14  interest.  Only paragraph 36 of the FAC contains any allegations which could be read
15  abstractly to concern matters of public interest.  That paragraph alleges:

16         The messages Defendants sent, either while impersonating SMITH
           himself or to SMITH's contacts from other accounts, to [sic][4] published
17         broadly to the general public, were false, misleading, damaging, and
           implied or stated that SMITH engaged in illegal, offensive and
18         defamatory conduct. Some of those messages that Defendants sent stated
           that SMITH was abusive, violent in nature, had committed violence
19         against women including rape, was "a predator" who stalks and abuses
           women, was dishonest, a heroin dealer, and possibly murderous.
20

21         This paragraph does allege, in part, that Defendants published statements
22  "broadly to the general public," and that some of those statements charged that
23  Plaintiff was violent, criminal and dishonest.  But this paragraph 36 still does not
24  allege conduct in connection with a public issue or an issue of public interest, as
25  required for anti-SLAPP protection.

26

27  _____

28  [4] This was a typographical error.  The allegation should state "or published…"

15

**PLAINTIFF'S OPPOSITION TO DEFENDANT ANDREWS'
MOTION TO DISMISS (ANTI-SLAPP)**

### a. Criminal Accusations are Not Automatically Public Matters.

Defamation of an individual is not protected by the constitutional right of free speech. *Beauharnais v. Illinois*, 343 U.S. 250, 254–256 (1952). Merely defamatory statements are not conduct "in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech." *Code Civ. Proc.* §425.16(b).

In paragraph 36, Plaintiff alleges Defendants published defamatory statements accusing him of serious crimes. But even statements that a plaintiff was involved criminal conduct do not necessarily concern public issues or issues of legitimate public interest. In *Weinberg v. Feisel*, *supra,* the plaintiff alleged the defendant had made false statements in publications and letters accusing him of stealing a valuable item, having a violent temper, being dishonest, and stating that people were in fear for their lives. Based on those allegations, the plaintiff asserted claims for libel, slander and intentional infliction of emotional distress ("IIED").

The defendant brought an anti-SLAPP motion, asserting the published statements were connected to public issues or matters of public interest because the statements concerned the plaintiff's criminal activity. The defendant argued that the statements warned other potential victims about the plaintiff's thieving and violent ways, and allowed them to protect themselves and their property. The defendant also argued the statements could encourage past victims to come forward with information about the plaintiff so he could be prosecuted. *Id.* at 1126.

The trial court denied the anti-SLAPP motion, and the appellate court affirmed on ground the alleged statements actually were not in connection with any public issue or legitimate issue of public concern. That court noted that the defendant had not reported his suspicions about the plaintiff to any law enforcement agency and was not intending to. The court also noted the plaintiff was not a public figure, and that the defendant accusing him of criminal conduct "did not make the accusations a matter of public interest." *Weinberg,* 110 Cal.App.4th at 1135.

16

**PLAINTIFF'S OPPOSITION TO DEFENDANT ANDREWS'
MOTION TO DISMISS (ANTI-SLAPP)**

1

2

That court summarized the relationship between allegations of criminal conduct and the anti-SLAPP law succinctly:

3

4

5

6

7

8

9

10

    Simply stated, causes of action arising out of false allegations of criminal conduct, made under circumstances like those alleged in this case, are not subject to the anti-SLAPP statute. Otherwise, wrongful accusations of criminal conduct, which are among the most clear and egregious types of defamatory statements, automatically would be accorded the most stringent protections provided by law, without regard to the circumstances in which they were made—a result that would be inconsistent with the purpose of the anti-SLAPP statute and would unduly undermine the protection accorded by paragraph 1 of Civil Code section 46, which includes as slander any false and unprivileged communication charging a person with a crime, and the California rule that false accusations of crime are libel per se (*Civ.Code*, § 45a; 5 *Witkin*, Summary of Cal. Law (9th ed. 1988) Torts, § 482, p. 566).

11

12

*Weinberg,* 110 Cal.App.4th at 1136.

13

14

15

16

17

18

19

20

In this case, in paragraph 36, Plaintiff alleges Defendants accused him of serious criminal conduct, including dishonesty, violence and abuse toward women, rape, dealing heroin and being "possibly murderous."  Those accusations, suggesting some of the vilest and basest crimes, are egregiously defamatory.  However, just as in *Weinberg,* there is no evidence that Plaintiff has ever been convicted, charged, investigated or even accused of any such crimes, by Defendants or anyone else.  The mere fact that Defendants published such accusations on YouTube or social media sites does not make those accusations matters of legitimate public interest.

21

22

23

Defendant asserts, just like the moving defendant in *Weinberg* asserted, that statements about Plaintiff could warn others, presumably so they could protect themselves.  Specifically, Defendant argues:

24

25

26

27

    These postings on social media could, and allegedly were intended to, affect people beyond the direct participants regarding issues that the public takes a great interest in – rape, murder, stalking, abuse of women, and drug dealing…the comments were meant to be read by people in the music, arts, and entertainment industries and express concerns in these readers' minds about a thoroughly dangerous person who is in extremely

28

17

**PLAINTIFF'S OPPOSITION TO DEFENDANT ANDREWS'
MOTION TO DISMISS (ANTI-SLAPP)**

1   close proximity to members of touring bands, Grammy winners, and

2   inductees into the Rock and Roll Hall of Fame.[5]

3   However, those vague arguments that Defendants' published statements serve

4   as a warning about a dangerous criminal still do not bring Defendants' speech-

5   conduct within the ambit of public issues.  Plaintiff is not a convicted sex offender or

6   other felon, or even facing criminal charges which might be a matter of public

7   concern.  Instead, as in *Weinberg*, the mere fact that Defendants published statements

8   accusing Plaintiff of serious crimes and criminal tendencies does not make those

9   statements matters of legitimate public interest or suitable for anti-SLAPP protection.

10   ### b. Allegations of Sex-Crimes are Not Automatically Public Matters or Issues.

11   Defendant seems to argue that because the accusations about Plaintiff were

12   about sex crimes, they must enjoy a special status and be matters of public concern.

13   Specifically, Defendant asserts: "Accusations of stalking, sexual harassment, rape,

14   and murder are issues of public interest."  Memo. P&A 15:7-8.  However, the

15   controlling authorities, and most of the cases Defendant cites, do not support that

16   proposition.

17   In *Doe v. Gangland Productions, Inc*., 730 F.3d 946, 955 (9th Cir. 2013), cited

18   by Defendant, the plaintiff had appeared voluntarily on a television show about gang

19   violence in Los Angeles.  After the broadcast, the plaintiff claimed the producers had

20   breached an agreement to obscure his image and voice.  When he sued based on that

21   claim, the defendant producers made an anti-SLAPP motion.  In that situation—

22   involving a television show about a criminal culture affecting large swaths of a major

23

24   ---

[5] The fact that Plaintiff is involved in the music and entertainment industries, and even
25   crediting that he may be "fame-adjacent," working with Grammy winners and famous
26   people, does not make him a public figure.  Mr. Smith records music and is attempting
     to sell a new line of instruments.  In other words, with due respect to his considerable
27   efforts, Plaintiff is another one of thousands of nameless, faceless gig-workers and
     strivers in Los Angeles, the music and entertainment capital of the world.
28

**PLAINTIFF'S OPPOSITION TO DEFENDANT ANDREWS'
MOTION TO DISMISS (ANTI-SLAPP)**

1   city—the court held that the production was connected to issues of public interest and

2   fell under the anti-SLAPP law.  *Id.* 730 F.3d at 955.  The crimes discussed on the

3   show included murder, but that was not what made the broadcast a matter of public

4   interest.  Overall, the facts of the *Gangland* case have little instructive value for the

5   present case.

6        Defendant next cites an unreported district court opinion in *Steep Hill*

7   *Laboratories, Inc. v. Moore*, 2018 WL 1242182 (2018).  In that case, a disgruntled

8   former employee published statements over the internet and using paper flyers

9   accusing his former boss of various disreputable traits and behavior, including sexual

10  harassment and predation.  The defendant sued the former employee for defamation

11  and other torts, and the employee brought an anti-SLAPP motion.

12       Notably, both the district court and the Ninth Circuit held that the employee's

13  statements *did not* constitute public issues or matters of public interest.  Instead, both

14  courts held that the plaintiff's statements were non-public-issue statements and were

15  not protected by the anti-SLAPP statute.  The district court confirmed that claims of

16  private sexual harassment, theft and bribe-taking were all private matters.  2018 WL

17  1242182, at *7.  The district court also noted the plaintiff's statements did not

18  encourage an ongoing discussion of any matter of public significance, and were non-

19  public for that reason too.  *Id.*  Nothing in either the district court's order or the

20  appellate court's unpublished affirmance suggested that accusations of criminal

21  conduct or sex-related crimes were necessarily matters of public interest, as

22  Defendant asserts.

23       Sex-related crimes *against minors* are generally matters of public interest, and

24  statements and accusations about adults who commit those crimes are protected under

25  the anti-SLAPP statute.  *Cross v. Cooper*, 197 Cal.App.4th 357, 379 (2011).  That

26

27

28

---

19

**PLAINTIFF'S OPPOSITION TO DEFENDANT ANDREWS'
MOTION TO DISMISS (ANTI-SLAPP)**

1    was the rule applied in *Lacoste v. Keem* (C.D. Cal., June 23, 2020) 2020 WL
2    5239110, which Defendant cites.

3         In *Cross* (which Defendant did not discuss) the court specifically distinguished
4    the rule of *Weinberg* and explained why statements about sex offenders involved
5    much more than a "broad and amorphous public interest" but were "a subject
6    specifically and directly related to an issue of compelling and widespread [public]
7    interest." *Cross*, 197 Cal.App.4th at 379.  But there was no statement in *Cross* (or in
8    *Lacoste*) that sex-based crimes strictly involving adults are matters of public interest,
9    as Defendants now suggest.

10        In the present case, Defendants made statements accusing Plaintiff of various
11   sex-related crimes, even including rape.  However, there is no suggestion anywhere in
12   the FAC or the evidence before the Court that Plaintiff has committed, or is accused
13   of committing, any crimes of any types against children, or that he is a convicted sex
14   offender.  The narrow rule established in *Cross* and applied in *Lacoste* have no
15   application in this case.

16        The unpublished order cited by Defendant from *Todd v. Lovecruft* (N.D. Cal.,
17   Jan. 6, 2020) 2020 WL 60199, does state that mere allegations of sexual assault are
18   matters of public interest.  However, that court derives its position from the rule
19   applied in *Lacoste*, that accusations of sexual crimes *by adults against minors* are
20   matters of public interest.  Then the *Todd* court simply expands that rule to all sexual
21   crimes, without analysis and with no attempt to distinguish *Weinberg*.

22        But the *Todd* order is not binding and should be afforded no weight (the same
23   is true for the unpublished *Steep Hill* order).  When considering an issue of California
24   substantive law, such as the application of California's anti-SLAPP law, federal
25   district courts are "obligated to follow the decisions of the state's intermediate
26   appellate courts" unless there is "convincing evidence that the state supreme court
27   would decide differently." *Bliss Sequoia Ins. & Risk Advisors, Inc. v. Allied Property*

28

20

**PLAINTIFF'S OPPOSITION TO DEFENDANT ANDREWS'**
**MOTION TO DISMISS (ANTI-SLAPP)**

1  *& Casualty Ins. Co.*, 52 F.4th 417, 419 (9th Cir. 2022).  Also, even if the *Todd* order

2  were published, it would not be precedential or binding on this Court.  *Hart v.*

3  *Massanari*, 266 F.3d 1155, 1174 (9th Cir. 2001).  Because *Todd* was an unpublished

4  district court order which is contrary to the decisional law of California courts on a

5  point of state law, it should be ignored.

6       **B.    None of the Causes of Action which Defendant Challenges are Based
            on Protected Activity.**

7

8       Plaintiff contends that none of the conduct attributed to Defendants in the FAC

9  is protected.  However, assuming *arguendo* that some allegations are protected and

10  may be stricken, that would not eliminate any entire cause of action, as Defendant

11  demands.

12       **1.  First Cause Of Action – Invasion Of Privacy.**

13       This claim is based on Defendants hacking, reading, copying and publicizing

14  Plaintiff's email accounts, voicemail messages, internet-based accounts with

15  Dropbox, Instagram, Venmo, IDme.com and other websites, his *non-public* social

16  media posts, and his internet browsing history.  First, even if some publications by

17  Defendants were protected under the anti-SLAPP law, Defendants' hacking and

18  copying of Plaintiff's private information is not, so this claim should survive even if

19  Defendant's motion were granted.

20       Also, the sources Defendants invaded—email accounts, voicemail messages,

21  etcetera—are private and have no connection to any matters of public interest, so

22  publishing materials stolen from those sources should not be protected.

23       **2.  Second Cause Of Action – False Light.**

24       Here Plaintiff alleges that Defendants published disparaging, false statements

25  to his "family, friends, and customers and colleagues in the music and art industries."

26  FAC ¶66, 13:7-8.

27       All of those groups are limited and specifically targeted.  Whatever false

28  statements Defendants published, those concerned only Plaintiff and a relatively

21

**PLAINTIFF'S OPPOSITION TO DEFENDANT ANDREWS'
MOTION TO DISMISS (ANTI-SLAPP)**

small, specific audience, and were not a matter of public interest. *Weinberg, supra,* 110 Cal.App.4th at 1132. The conduct underlying this cause of action is not protected.

### 3. Third Cause of Action – Misappropriation of Plaintiff's Name.

The basis of Plaintiff's third claim is that Defendants "intentionally misappropriated Plaintiff's name and/or sobriquet, and used that misappropriated identity to their advantage to, among other things, advance their conspiracy to harm Plaintiff personally and economically." FAC ¶72, 13:22-24.

Plaintiff's name is not a public issue or a matter of public interest. He is not a celebrity or public figure. Using his identity to impersonate him does not create a matter of public interest. This claim is not based on protected activity.

### 4. Fourth Cause of Action – Online False Impersonation.

Plaintiff alleges Defendants "impersonated Plaintiff on multiple internet websites and email accounts" for the purpose of "harming, intimidating, threatening, or defrauding Plaintiff and others." FAC ¶77-78, 14:10-14.

Again, Plaintiff's identity is entirely a private matter. Also, Defendants' illegal use of Plaintiff's identity was directed toward Plaintiff and a select, targeted audience. That did not create a public issue, and the conduct underlying this claim was not protected speech. *Weinberg, supra,* 110 Cal.App.4th at 1132.

### 5. Fifth Cause of Action – Libel.

Plaintiff alleges "Defendants knowingly published disparaging, false written statements to Plaintiff's family, friends, and customers and colleagues in the music and art industries." FAC ¶82, 14:22-24.

As demonstrated herein, at least some of the material Defendants published was non-public and not connected to issues of public concern, so at least some publications were not protected. Also, the publications alleged here are to a specific, relatively small group comprising Plaintiff's family, friends, associates and customers. Publication to a select group of material concerning a specific audience

**PLAINTIFF'S OPPOSITION TO DEFENDANT ANDREWS'
MOTION TO DISMISS (ANTI-SLAPP)**

1    does not rise to a protected issue of public concern. *Weinberg, supra,* 110

2    Cal.App.4th at 1132.

3         Even assuming *arguendo* that some publications to Plaintiff's customers could

4    be considered a wide enough distribution to be a public matter, most of the tortious

5    conduct upon which this claim is based is not protected and the entire claim cannot be

6    stricken.

7         **6. Sixth Cause of Action – IIED.**

8         Plaintiff alleges Defendants harmed him by "electronically stalking and

9    harassing Plaintiff, impersonating him online, defaming him to his friends, family and

10   colleagues, portraying him as a criminal, liar and cheat, hacking and intruding to his

11   private accounts and communications, and stealing his personal property…"  FAC

12   ¶88, 15:12-15.

13        Defendants' statements portraying Plaintiff as a criminal and liar could be

14   protected activity under the anti-SLAPP law (although it should not be based on the

15   authorities discussed herein).  However, even assuming *arguendo* that conduct was

16   deemed protected and those allegations were stricken, this claim would still be viable

17   based on Defendants' unprotected activities: stalking, harassing, hacking Plaintiff's

18   private accounts, stealing his personal property and communicating to the select

19   group of his friends, family and colleagues.  Even if Defendant's anti-SLAPP motion

20   were granted, this cause of action should not be stricken.

21        **7. Eleventh and Twelfth Causes of Action – Interference with**
22            **Contractual Relationships.**

23        Both the eleventh and twelfth claims are based on interference with Plaintiff's

24   relationship with one specific company: Caveman Records.  The claims do leave

25   open the possibility of other contractual relationships.  But at least as far as Plaintiff's

26   relationship with Caveman Records, whatever Defendants said or published

27   concerned only a very select, specific audience.  That does not rise to a matter of

28

**PLAINTIFF'S OPPOSITION TO DEFENDANT ANDREWS'**
**MOTION TO DISMISS (ANTI-SLAPP)**

1   public interest, and these causes of action are not based on protected conduct under
2   the anti-SLAPP law.  *Weinberg, supra,* 110 Cal.App.4th at 1132.

### 8.   Thirteenth and Fourteenth Causes of Action – Interference with Prospective Economic Relationships.

5   There is no specific conduct alleged for these claims, and they are based (as
6   pleaded) on the entirety of Defendants' wrongful or tortious activities.  For the
7   reasons discussed herein, Plaintiff asserts that none of the conduct attributed to
8   Defendants in the FAC is protected speech activity under the anti-SLAPP law.

9   However, even assuming *arguendo* that some of Defendants' publications were
10  protected, it is still the case that *most of Defendants' conduct was simply not
11  protected* under the anti-SLAPP law.  Some of the alleged conduct was not even
12  speech-related.  But most of Defendants' conduct was directed to a small, specific
13  audience and involved strictly private issues (such as Plaintiff's voicemail messages
14  or the recording of his dispute with Andrews years earlier) which could not arise to
15  matters of public interest or concern.  Even if Defendant's motion is granted, these
16  claims should also remain.

### C.   Plaintiff's Evidence Establishes a Probability of Success.

18  Assuming *arguendo* that some of Defendants' conduct is somehow connected
19  to matters of public interest or public issues, so that Defendant satisfies her initial
20  burden for some part of the motion, Plaintiff's evidence submitted herewith
21  establishes a sufficient probability of prevailing on his claims.

22  The second step of the anti-SLAPP inquiry is a "summary-judgment-like
23  procedure" and the burden on the plaintiff is not great.  *Baral v. Schnitt*, 1 Cal.5th
24  376, 384 (2016).  To establish a "probability" of prevailing, the plaintiff only must
25  demonstrate that the challenged claims are legally sufficient and supported by a *prima
26  facie* showing of facts sufficient to support a favorable judgment.  *Navellier v. Sletten*,
27  29 Cal.4th 82, 89, 93 (2002).  The court does not weigh evidence, but must accept the
28  plaintiff's evidence as true.  *Baral,* 1 Cal.5th at 384-85.

24

Claims with even minimal merit may proceed. *Navellier,* 29 Cal.4th at 94. Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute—i.e., that arises from protected speech *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute. *Id* at 89.

Plaintiff's declaration and exhibits submitted herewith show that Defendants invaded his privacy, hacked his accounts, impersonated and harassed him and his family, stole his identity and property, and interfered with his business and personal relationships. They published disparaging, embarrassing and harmful statements, all of which were untrue, and they did so knowingly and maliciously, according to the evidence. By doing all of that, Plaintiff declares, they caused him significant distress and damages.

That evidence, which must be accepted as true now, should be sufficient to support a favorable judgment and to meet Plaintiff's burden for this motion.

### D.     Plaintiff Should be Awarded his Costs and Fees.

If an anti-SLAPP motion is frivolous or "solely intended to cause unnecessary delay" then a prevailing plaintiff is entitled to an award of costs and attorney's fees. *Code Civ. Proc.* §425.16(c)(1).

Unfortunately, this motion appears to be frivolous. Defendant acknowledges her motion can only succeed if the few publications attributed to Defendants are connected to issues of public interest or concern. However, Defendant's sole argument to make that connection is contrary to established law. Defendant writes: "Accusations of stalking, sexual harassment, rape, and murder are issues of public interest." Memo P&A 15:7-8. But *Weinberg* and *Cross* hold otherwise, and they are binding. *Bliss,* 52 F.4th at 419. *Weinberg* establishes that mere accusations of crimes are not matters of public interest. 110 Cal.App.4th at 1136. *Cross* specifies the heightened circumstances which justify the narrow exception to *Weinberg* to make accusations of sex crimes *against children* matters of public concern. 197

**PLAINTIFF'S OPPOSITION TO DEFENDANT ANDREWS'
MOTION TO DISMISS (ANTI-SLAPP)**

1    Cal.App.4th at 379.  No reasonable attorney would believe the accusations against

2    Plaintiff as alleged in the FAC fall in that exception.

3        Notably, not even *Steep Hill,* which Defendant cited, supports her position that

4    accusations of stalking and sexual harassment are public matters.

5        Finally, this motion is pointless.  It is not combined with any other request for

6    relief, such as a motion to dismiss.  *See Weiland Sliding Doors and Windows, Inc. v.*

7    *Panda Windows and Doors, LLC*, 814 F.Supp.2d 1033, 1039 (S.D. Cal. 2011) (even

8    meritless anti-SLAPP motion was in good faith, thus not frivolous, when combined

9    with motion to dismiss).  No cause of action is based entirely or even primarily on any

10   publications to a substantial group.  So, even if some of Defendants' publications were

11   deemed protected, only a few isolated allegations would be excised from the FAC.

12   But Defendant would not be exonerated and no single claim would be resolved or

13   stricken—effectively there would be no change the case.  The only effect would be to

14   have wasted the time and considerable cost of this motion.

15       Plaintiff will incur not less than $24,030.50 in attorney's fees and costs opposing

16   this motion.  Crawford Declaration ¶12.  Plaintiff requests an award in that amount.

17   **IV.   CONCLUSION**

18       Based on the foregoing points and authorities, Plaintiff Philip Smith requests

19   that the motion to dismiss by Defendant Noel Andrews be denied in its entirety, that

20   the Court find the motion was frivolous, and that Plaintiff be awarded fees and costs.

21   RESPECTFULLY SUBMITTED:

22   Dated: January 4, 2023                    CRAWFORD LAW GROUP

23

24   _____

25                                              DANIEL A. CRAWFORD,
                                                Attorney for Plaintiff,
26                                              PHILIP SMITH

27

28

**PLAINTIFF'S OPPOSITION TO DEFENDANT ANDREWS'
MOTION TO DISMISS (ANTI-SLAPP)**

# CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for Plaintiff PHILIP SMITH, certifies that this brief contains 6373 words (according to the statistics generated by my word processor), which complies with the word limit of L.R. 11-6.1.

Dated: January 4, 2023                    CRAWFORD LAW GROUP

                                          _____
                                          DANIEL A. CRAWFORD,
                                          Attorney for Plaintiff,
                                          PHILIP SMITH

**PLAINTIFF'S OPPOSITION TO DEFENDANT ANDREWS'
MOTION TO DISMISS (ANTI-SLAPP)**

NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY(S)
OR OF PARTY APPEARING IN PRO PER

Daniel A. Crawford (Cal. St. Bar No. 187807)
Roza Crawford (Cal. St. Bar No. 222380)
15303 Ventura Blvd., 9th Floor
Sherman Oaks, CA 91403
(818) 935-6568
dac@crawfordlawgroup.com
rc@crawfordlawgroup.com

ATTORNEY(S) FOR: PHILIP SMITH

CLEAR FORM

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

PHILIP SMITH, an individual,

Plaintiff(s),

v.

RYAN COMPTON, an individual; NOEL
ANDREWS, an individual; MONA VOGEL, an
individual; and DOES 1-10, inclusive,

Defendant(s)

CASE NUMBER:

2:22-cv-08439-MWF-PLA

**CERTIFICATION AND NOTICE
OF INTERESTED PARTIES**
(Local Rule 7.1-1)

TO:     THE COURT AND ALL PARTIES OF RECORD:

The undersigned, counsel of record for          PHILIP SMITH

or party appearing in pro per, certifies that the following listed party (or parties) may have a pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal.

(List the names of all such parties and identify their connection and interest. Use additional sheet if necessary.)

| PARTY | CONNECTION / INTEREST |
|---|---|
| PHILIP SMITH | PLAINTIFF |
| RYAN COMPTON | DEFENDANT |
| NOEL ANDREWS | DEFENDANT |
| MONA VOGEL | DEFENDANT |
| DANIEL A. CRAWFORD, ESQ. | ATTORNEY FOR PLAINTIFF |
| ROZA CRAWFORD, ESQ. | ATTORNEY FOR PLAINTIFF |
| CHARLES G. SMITH, ESQ. | ATTORNEY FOR DEFENDANT ANDREWS |

December 24, 2022

Date

Signature

Attorney of record for (or name of party appearing in pro per):

Plaintiff Philip Smith

CV-30 (05/13)                    NOTICE OF INTERESTED PARTIES